**DAVID H., a minor, by his parents, SUSAN H. and Gary H., Plaintiffs,**

v.

**PALMYRA AREA SCHOOL DISTRICT and Donald M. Carroll, Jr.,[1] Secretary of the Department of Education, Defendants.**

**Civ. A. No. 1:CV–88–0112.**

United States District Court, M.D. Pennsylvania.

Aug. 29, 1990.

---

1. Donald M. Carroll, Jr. has replaced Thomas K. Gilhool as Secretary of Education. Therefore, under Fed.R.Civ.Pro. 25(d)(1), Mr. Carroll automatically replaces Mr. Gilhool as the named defendant in this action.

Larry B. Selkowitz, Harrisburg, Pa., for plaintiffs.

Harry St. C. Garman, Hartman, Underhill & Brubaker, Lancaster, Pa., Jules S. Henshell, Deputy Atty. Gen., Sandra Wise Stoner, Office of the Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM

RAMBO, District Judge.

*Background*

Plaintiffs initiated this action by filing a complaint pursuant to the Education of the Handicapped Act, 20 U.S.C. §§ 1400–1485. Amended and second amended complaints were filed and answered. An extension of the deadline for filing dispositive motions was requested and granted. Motions for summary judgment were filed and briefed by all parties. Because it appeared that the Supreme Court's decision in *Dellmuth v. Muth, et al.*, 491 U.S. 223, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989), would have a bearing on this case, the court stayed consideration of the motions for summary judgment until the *Dellmuth* decision was handed down.

After the *Dellmuth* decision was issued, the plaintiffs filed a motion to file a third amended complaint. The motion was not opposed by the defendants and, therefore, was granted. In the third amended complaint, the plaintiffs added § 504 of the Rehabilitation Act of 1973 (the Rehabilitation Act), 29 U.S.C. § 794, as a jurisdictional basis for their suit apparently in order to overcome the dispositive effect of the *Dellmuth* decision on this case.

In a status report ordered by the court, the parties indicated through plaintiffs' counsel that the third amended complaint had no bearing on the defendant school district's motion for summary judgment, that the Secretary of Education would be filing a supplemental motion for summary judgment as to the third amended complaint, and that plaintiffs were satisfied that their position would be adequately presented in their opposition to the Secretary's motion. The Secretary's supplemental motion has been filed and briefed. Therefore, the summary judgment motions are ripe for consideration.

The following facts are undisputed. At all times relevant to the complaint, David H. (David) was a learning disabled exceptional child. He resided with his parents and for several years was enrolled in Palmyra Area School District (the school district) and/or Lancaster–Lebanon Intermediate Unit (the Intermediate Unit) operated special education programs for learning disabled youngsters. David was enrolled in a resource room program for learning disabled children during the 1984–85 school year. His individualized education program (IEP) was reviewed and revised in January 1985.

The January 17, 1985 IEP included his then currently provided learning disabled resource room program and contemplated a search for potential full-time placement in an approved private school. In February 1985, the Intermediate Unit and David's parents began to look for an appropriate approved private school in Pennsylvania. A school in Pennsylvania identified by the

Intermediate Unit and David's parents indicated it would consider David for admission, but David's mother did not pursue placement at that school because it required a psychiatric evaluation as part of its entrance evaluation and included a psychotherapy component in its program. By the summer of 1985, no private school in Pennsylvania which would consider David and which also was acceptable to David's parents had been found.

By June 1985, the school district and the Intermediate Unit determined to develop and operate a part-time program for learning disabled youngsters in the high school for the 1985–86 school year. Around that same time, an IEP conference was called at which David's IEP was revised and a Notice of Recommended Assignment for the part-time learning disabled program was presented to David's parents. David's parents rejected the proposal to place David in a part-time learning disabled program and requested a hearing.

On July 31, 1985, a hearing was conducted concerning the June 1985 IEP proposal. At the time of the hearing, the proposed part-time program for learning disabled youth in the district was not yet in existence in the school district, but was approved by the Intermediate Unit Board, budgeted for by the Intermediate Unit, and approved by the Department of Education subsequent to the July 31, 1985 hearing. The part-time learning disabled program was put into operation at the high school on September 4, 1985.

On September 6, 1985, the hearing officer issued a decision upon the hearing conducted July 31, 1985. On September 9, 1985, David was placed by his parents at their expense at Pine Ridge School in Vermont. The September 6, 1985 decision of the hearing officer found the school district's June 1985 proposal to be inappropriate because the proposed part-time program was not yet in existence and directed the school district to draft a new IEP within 45 days when and if the proposed part-time learning disabled class was organized and approved. No appeal from the September 6, 1985 decision of the hearing officer was filed with the Secretary of Education (the Secretary).[2]

In October 1985, counsel for plaintiffs was provided with a revised IEP reflecting the placement available to David in the part-time learning disabled program in the school district. To determine compliance with his September 6, 1985 decision, the hearing officer scheduled and conducted a hearing on November 7, 1985. At the November 7, 1985 hearing, plaintiffs' counsel requested a continuance to afford plaintiffs an opportunity to present one of their witnesses at a later date. The hearing begun on November 7, 1985 was continued on December 16, 1985. The hearing officer issued a decision on January 23, 1986.

The January 1986 decision of the hearing officer found the school district's IEP for the part-time learning disabled classroom and program which began September 4, 1985 to be appropriate for David. The decision of the hearing officer also denied reimbursement to David's parents for tuition expense at Pine Ridge School in Vermont. On February 14, 1986, David's parents filed exceptions to the hearing officer's January 23, 1986 decision. On July 17, 1986, the Secretary issued Special Education Opinion No. 288 which affirmed the hearing officer's determination that the school district's proposed IEP was appropriate for David and remanded the matter to the hearing officer to determine eligibility for tuition reimbursement. On October 6, 1986, the hearing officer conducted a hearing pursuant to the Secretary's remand of July 17, 1986. On November 6, 1986, the hearing officer issued a decision concluding that Pine Ridge School was not an appropriate placement for David and denying tuition reimbursement to David's parents. On November 26, 1986, David's parents filed exceptions to the November 6, 1986 decision of the hearing officer. On October 29, 1987, the Secretary issued Special Education Opinion No. 314 adopting the hearing officer's decision of November 6, 1986, which denied tuition reimbursement expenses to David's parents.

**2.** Plaintiffs contend the decision was not appealable because it directed another hearing.

At all times relevant to the complaint, Pine Ridge School was approved by the State of Vermont as a secondary school for learning disabled students. Pine Ridge School serves only learning disabled students. At the November 7, 1985 hearing, plaintiffs provided a document labelled by David's mother as "Tutorial IEP" which was received in evidence. The "Tutorial IEP" document contains no reference to who participated in its preparation. At the October 6, 1986 hearing, plaintiffs offered a document which plaintiffs there contended, together with the "Tutorial IEP" referenced above, constituted David's IEP at Pine Ridge School. The above-referenced documents contain no reference to participants in preparation of the program contained therein or to the occurrence and/or dates of any meetings for preparation of the program contained therein. The documents contain no reference to parental or student participation in the preparation of the program contained therein.

Count I of the complaint alleges that the Secretary's decision to deny reimbursement to David's parents for tuition paid for the 1985–86 school year violates the Education of the Handicapped Act and the Rehabilitation Act in that Pine Ridge was the only appropriate program available for David for that school year. Count II alleges that the Secretary's decision to deny reimbursement also violates the plaintiffs' right to due process because it was based on a standard for approval of tuition reimbursement which was not disclosed to the plaintiffs at the time of the hearings. Count III alleges that the Secretary's decision denying reimbursement is not supported by the preponderance of the evidence in this case. Plaintiffs request this court to reverse the Secretary's decision, order reimbursement of the tuition paid for the 1985–86 school year, and award the plaintiffs attorney's fees and costs.

Plaintiffs' motion for summary judgment contends that they are entitled to reimbursement because the Secretary failed to make his decision within a certain time limit and, in any event, was the improper reviewing officer, and because the preponderance of the evidence weighs in their favor. The school district contends it is entitled to summary judgment against plaintiffs and the Secretary because it had nothing to do with the delay in the Secretary's decision, and because the Secretary's decision was proper and based on the appropriate standard. The Secretary's original motion to dismiss or for summary judgment argued that the eleventh amendment barred recovery against him under the Education of the Handicapped Act and that even if the action was not barred, his decision was supported by a preponderance of the evidence. The Secretary's supplemental motion contends that plaintiffs have failed to state a claim under the Rehabilitation Act. The court will address the Secretary's motions first.

*Discussion*

The Third Circuit has noted that

[s]ummary judgment may be entered if "the pleadings, deposition[s], answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, [248,] 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Equimark Comm. Finance Co. v. C.I.T Financial Serv. Corp.*, 812 F.2d 141, 144 (3d Cir.1987). If the evidence is "merely colorable" or "not significantly probative" summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511; *Equimark*, 812 F.2d at 144. Where the record, taken as a whole, could not "lead a rational trier of fact to find for the nonmoving party, summary judgment is proper." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, [586–88] 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

*Hankins v. Temple University*, 829 F.2d 437, 440 (3d Cir.1987). Additionally, the Supreme Court has held that summary judgment is appropriate against "a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In this case, the plaintiffs cannot now dispute the Secretary's contention that they cannot obtain reimbursement against him under the Education of the Handicapped Act. Indeed, the Supreme Court was clear on this point when it held, "[T]he statutory language of the EHA does not evince an unmistakably clear intention to abrogate the States' constitutionally secured immunity from suit. The Eleventh Amendment bars respondent's attempt to collect tuition reimbursement from the Commonwealth of Pennsylvania." *Dellmuth,* 491 U.S. at 232, 109 S.Ct. at 2402. Plaintiffs do contend, however, that they can obtain the identical relief because they have now asserted a claim under the Rehabilitation Act.

As the Secretary points out, Section 504 of the Rehabilitation Act addresses discrimination of handicapped individuals in federally funded programs solely by reason of their handicaps. 29 U.S.C. § 794(a). Here, plaintiffs have not alleged that David was discriminated against because of his handicap. Rather, the entire complaint addresses the alleged procedural and evidentiary infirmities of the Secretary's decision affirming the denial of reimbursement. The claims here turn on whether the Secretary's decision was correct rather than the motive behind his decision. David's parents were not denied reimbursement for the 1985–86 school year because David is handicapped; tuition reimbursement was denied in this case because Pine Ridge School was determined to be an inappropriate placement for David. Because there is not even an allegation, much less any indication that there would be any proof, that the Secretary discriminated against David because of his handicap, the court finds that plaintiffs cannot establish an essential element of their case under the Rehabilitation Act. Therefore, judgment in favor of the Secretary is appropriate.

Glaringly absent from the complaint is any substantive count against the school district. As noted above, the three counts in the complaint are directed specifically at the Secretary. Additionally, all of the relief requested is requested from the Secretary. Therefore, because there is no claim against it, the court will grant judgment in the school district's favor. In light of the court's disposition of the defendant's motions, the plaintiffs' motion for summary judgment will be denied.

*Conclusion*

Based on the preceding discussion, the court finds that there exist no genuine issues of material facts in this case and that both defendants are entitled to judgment as a matter of law. Therefore, the court will grant the defendants' motions for summary judgment and deny plaintiffs' motion for summary judgment. An appropriate order will be issued.

### ORDER

In accordance with the accompanying memorandum, IT IS ORDERED THAT:

1) plaintiffs' motion for summary judgment is denied;

2) the original and supplemental motions for summary judgment filed by the Secretary of Education are granted;

3) the motion for summary judgment filed by Palmyra Area School District is granted; and

4) the Clerk of Court is directed to enter judgment in favor of defendants and against plaintiffs and to close the file.